IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| DOUGLAS R. CORNELL,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | Civil Action No.  3:14CV841 (REP) |
| BROCK & SCOTT, PLLC,<br>    Defendant. | )<br>)<br>)<br>) | |

**ORDER REGARDING PROCEDURES FOR SETTLEMENT CONFERENCE**

The Court has scheduled the settlement conference in this case for **May 6, 2015 at 9:30 a.m.** At that time, the parties shall report to the chambers of Magistrate Judge Roderick C. Young.

In addition to counsel, **each party must have a representative physically present with the full authority to settle this action.** The term "full authority" means the ability of the representative to resolve the case up to the value of the last demand by the Plaintiff. If a business entity (or entities) is/are involved, each entity must have a representative with full authority to settle the case on behalf of that entity physically present and the representative must be an officer or employee not employed in the business entity's law department or general counsel's office, although such lawyers are welcome to attend with the other representative. **The failure of a party to have a representative physically present with full authority to settle the case may result in the imposition of sanctions upon that party.**

**Not later than close of business at least one week before the settlement conference,** each party must submit a brief memorandum to the Court *ex parte* setting forth that party's position and include the following topics:

- An objective overview of the basic allegations, defenses and relevant facts;

- A realistic assessment of the strengths and weaknesses of each party's position;

- A summary of settlement discussions to date;

- A statement of settlement expectations (to include settlement offers(s));

- A list of the names and positions of those who will attend the settlement conference on behalf of the party, including identification of the person(s) with the full authority to settle the case on behalf of the party; and,

- A certification that a person with full authority to settle the case on behalf of the party will be physically present at the settlement conference.

Due to the *ex parte* nature of the settlement memorandum, it should be delivered directly to the Court's chambers (either by e-mail or by hand delivery of a hard copy) and not filed with the Clerk's Office. The memorandum will be considered and maintained on a confidential basis until resolution of the case, when the memorandum will then be destroyed. The memorandum will not be exchanged (or its contents discussed) with opposing parties or counsel by the Court without prior permission.

**The Court will allot three (3) hours for the settlement conference.** Therefore, the parties must be prepared to move forward in an expeditious manner during the settlement conference. To aid this process, not less than seven (7) calendar days before the settlement conference, counsel for the plaintiff(s) shall tender an offer to counsel for the defendant(s). Counsel for the defendant(s) shall respond either by accepting the offer or with a counter-offer not less than four (4) calendar days before the settlement conference. Counsel for the plaintiff(s) shall be responsible for informing the Court via an e-mail to chambers of the offers exchanged and the outcome of this process not less than three (3) calendar days before the settlement conference.

**In any case in which the Commonwealth of Virginia holds a lien** against the plaintiff(s) for past medical treatment, not less than seven (7) calendar days before the settlement conference,

counsel for the plaintiff(s) shall negotiate in good faith with the Office of the Attorney General of the Commonwealth of Virginia ("OAG") in an attempt to reduce the lien pursuant to the Code of Virginia § 8.01-66.9. If such negotiations are unsuccessful, counsel for the plaintiff(s) shall notify the OAG of the date and time of this settlement conference and provide them with a copy of this Order. Should the OAG wish to participate in the settlement conference to raise any objections to a reduction of the lien, a representative of the OAG should notify Chambers not less than three (3) calendar days before the settlement conference. Further, counsel for the plaintiff(s) shall report to the Court the outcome of the negotiations with the OAG not less than three (3) calendar days before the settlement conference.

The settlement conference will begin with all parties and their counsel/representatives present. The Court will explain its role and the manner that the settlement conference will be conducted. Thereafter, the parties will be separated and the Court will meet with counsel for each side until a resolution is achieved. When an agreement is reached, the Court will be prepared to reduce the agreement to a Memorandum of Understanding, which will be enforceable upon the parties as a contract. Thereafter, the parties will have ten (10) days to complete the final settlement agreement consistent with the terms of the Memorandum of Understanding. Should the parties wish to draft their own settlement agreement at the settlement conference in lieu of the Memorandum of Understanding, they may do so, but the parties must bring with them to the settlement conference a laptop with a thumb drive containing a draft settlement agreement.[1] **In all cases involving a class action or putative class action,** counsel for the plaintiffs shall be responsible for emailing to chambers in WORD format draft terms regarding any class issues for the Memorandum of Understanding not less than three (3) calendar days before the settlement conference.

---

[1] The parties may also bring a laptop with a thumb drive if they would like to expedite the process for the creation of the Memorandum of Understanding.

If the matter is not settled, the Court will simply inform the designated trial judge that the matter was not resolved despite the parties' good faith efforts (provided that the parties comply with the conditions of this Order and act in good faith during the settlement conference).

The Clerk is directed to send a copy of this Order to all counsel of record and to any party not represented by counsel.

It is so ORDERED.

                                                          /s/
                                    Roderick C. Young
                                    United States Magistrate Judge

Richmond, Virginia
Date: March 24, 2015